No. 23-1710

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

MARCEL NICOLE INGRAM,

Plaintiff-Appellant,

v.

THE HONORABLE GEORGE DUNBAR, in his individual capacity, THE HONRABLE ERIC DAVANZO, in his individual capacity, JACOB SMELTZ, in his individual capacity, JORDAN GOUKER, in his individual capacity, WILLIAM SCHALLER, in his individual capacity, LISA ZAUCHA, in her individual capacity, ALICIA MCGHEE, in her individual capacity, JILL VECCHIO, ESQ., in her individual capacity, and CANDACE MITCHELL, in her individual capacity,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION NO. 2:22-cv-01594

**APPELLANT'S REPLY BRIEF**

Nicholas W. Kennedy, Esquire
PA ID No. 317386
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601
(724) 837-0080
nwk@qrlegal.com
*Attorney for Appellant*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

**I.    ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

    **A.   Ms. Ingram's mold-related speech was made as a citizen** . . . . . . . . .1

        **1.   Ms. Ingram's First Amended Complaint contains
§ 1983 First Amendment claims for all three categories
of her speech**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

        **2.   The district court failed to conduct a particularized
examination of Ms. Ingram's speech** . . . . . . . . . . . . . . . . . . . .3

        **3.   The district court made improper findings of fact**. . . . . . . . .4

        **4.   The district court failed to apply controlling legal
precedent** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    **B.   Ms. Ingram spoke on a matter of public concern** . . . . . . . . . . . . . . . .7

    **C.   The district court improperly declined to exercise
supplemental jurisdiction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    **D.   Eleventh Amendment immunity does not protect
government officials sued in their individual capacities** . . . . . . . . .13

**II.   CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

**CERTIFICATE OF COUNSEL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# **TABLE OF AUTHORITIES**

**Cases**

*Ali v. McClinton,* No. 16-6373, 2017 WL 2588425
(E.D. Pa. June 14, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Arrington v. Commonwealth House of Representatives,* No. 10-CV-2248,
2010 WL 4681063 (M.D. Pa. Nov. 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . 14

*Bell v. Ostrow,* 45 F. App'x 152 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brennan v. Norton,* 350 F.3d 399 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

*Dennis v. City of Phila.,* 19 F.4th 279 (3d Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . .2

*De Ritis v. McGarrigle,* 861 F.3d 444 (3d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . 3, 7

*Fenico v. City of Phila.,* 70 F.4th 151 (3d Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . .4

*Flora v. Cty. of Luzerne,* 776 F.3d 169 (3d Cir. 2015) . . . . . . . . . . . . . . . . . 2, 6, 8

*Gaj v. United States Postal Service*, 800 F.2d 64 (3d Cir. 1986) . . . . . . . . . . . . . . .9

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 6

*Harris v. Vitran Express, Inc.*, No. 14-0704, 2014 U.S. Dist. LEXIS 158131
(W.D. Pa. Oct. 15, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 13

*Javitz v. Cty. of Luzerne*, 940 F.3d 858 (3d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . .6

*Jerri v. Harran*, 625 F. App'x 574 (3d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Johnson v. Lincoln Univ. of Commonwealth Sys. of Higher Educ.*,
776 F.2d 443 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Lach v. Robb*, 679 F. Supp. 508 (W.D. Pa. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . .13

*Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . 13

*Lewis v. Clarke*, 581 U.S. 155 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*Malleus v. George*, 641 F.3d 560 (3d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moffitt v. Tunkhannock Area Sch. Dist.*, 160 F. Supp. 3d 786 (M.D. Pa. 2016) . . . .7

*Morris v. Phila. Hous. Auth.,* 487 Fed. Appx. 37 (3d. Cir. 2012) . . . . . . . . . . . . . . 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11, 12

*NCAA v. Corbett*, 25 F. Supp. 3d 557 (M.D. Pa. 2014) . . . . . . . . . . . . . . . . . . . . . 10

*Ryan v. Johnson*, 115 F.3d 193 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 12

*Sanguigni v. Pittsburgh Board of Public Education*,
    968 F.2d 393 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 9

*Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165 (3d Cir. 1999) . . . . . . . . .10

*Ward v. Pennsylvania*, No. 14-00017, 2014 WL 4682067
    (E.D. Pa. Sep. 22, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

## I.     ARGUMENT

**A. Ms. Ingram's mold-related speech was made as a citizen.**

In holding that Ms. Ingram's speech was related to her job duties, the district court failed to conduct a particularized examination of all three categories of Ms. Ingram's speech, which were properly before it, made improper findings of fact, and applied the incorrect legal standard.

### 1. Ms. Ingram's First Amended Complaint contains § 1983 First Amendment claims for all three categories of her speech.

In Count I of the First Amended Complaint, Ms. Ingram alleged that "Rep. Davanzo's email is direct evidence of the causal link between Plaintiff's free speech and the adverse employment action taken by Defendants." Appx26 at ¶77. That email contains all three categories of Ms. Ingram's speech at issue in this case and is attached to the First Amended Complaint as Exhibit B. Appx22 at ¶46; Appx32. Therefore, Ms. Ingram clearly raised all three categories of speech before the district court.

In addition to attaching Rep. Davanzo's email, Ms. Ingram referenced all three categories in the body of the Complaint. *See* Appx20 at ¶¶26-27, 29-31 (category 1); Appx21 at ¶¶32-37 (category 1); Appx21 at ¶¶41-42 (category 2); Appx22 at ¶48 (category 3). After raising all three categories of speech and quoting Rep. Davanzo's email in the Complaint, Ms. Ingram pleaded that, "In no uncertain terms, Rep. Davanzo ordered Ms. Ingram's termination because she

1

'opened a can of worms' through her whistleblowing and free speech." Appx23 at ¶52. Those allegations are then included in Count I of the Complaint through an incorporation-by-reference paragraph. Appx26 at ¶74. As a result, Count I of Ms. Ingram's Complaint contains § 1983 First Amendment claims for all three categories of speech. *See Flora v. Cty. of Luzerne*, 776 F.3d 169, 173 n.5 (3d Cir. 2015) ("In short, that claim was contained, and understood by all to be contained, in Flora's complaint.").

Appellees are correct that Ms. Ingram did not use the word "category" to organize the three types of speech that she raised in her Complaint, but that does not change the actual content of the Complaint. As Appellees recognize, on appeal, Ms. Ingram may "place greater emphasis on an argument," "more fully explain an argument on appeal," or "reframe" her argument. *Dennis v. City of Phila.*, 19 F.4th 279, 287 (3d Cir. 2021). Instead of focusing on the content of the Complaint, Appellees cherry pick summarizations that Ms. Ingram provided of her protected speech. Those summarizations correctly state that all of Ms. Ingram's speech related to the presence of mold in the District Office, which Appellees acknowledge[1], but they do not but do not erase the Complaint's detailed allegations regarding each specific instance of Ms. Ingram's speech.

---

[1] "All of Ingram's speech can be fairly encompassed as workplace complaints related to the presence of mold." Appellees' Brief at pg. 9.

Appellees also fail to recognize that the district court did rule on, albeit incorrectly, category 1 of Ms. Ingram's speech, which demonstrates that the district court saw that argument as before it. *See* Appx10-11. With that holding, and because there is no dispute that Ms. Ingram properly raised category 2[2], the only category in dispute is category 3. As demonstrated above, Ms. Ingram properly raised category 3 before the district court. The fact that the district court did not discuss all three categories in the Opinion is not controlling as it denied her First Amendment claims in their entirety. *See De Ritis v. McGarrigle,* 861 F.3d 444, 453 n.6 (3d Cir. 2017) ("[A]n appeal is taken with respect to 'the definitive order or judgment which follows the opinion,' not the opinion itself.")

### 2. The district court failed to conduct a particularized examination of Ms. Ingram's speech.

The district court's analysis preceding its holding that "[a]ll such activities occurred within the context of Ms. Ingram's job" demonstrates that categories 2 and 3 of Ms. Ingram's speech were not examined for that holding. Appx10-11. The Opinion is devoid of any analysis of those categories. As a result, even if the Court finds that categories 1 and 3 were not timely raised, the district court's failure to examine category 2 is, by itself, a reversible error.

---

[2] *See* Appellees' Brief at pg. 8.

3

Recognizing the Opinion's flaws, Appellees ask the Court to aggregate all of Ms. Ingram's speech together for purposes of analysis, in direct contradiction to the Court's precedent. *See Johnson v. Lincoln Univ. of Commonwealth Sys. of Higher Educ.*, 776 F.2d 443, 451 (3d Cir. 1985). While all of Ms. Ingram's speech can be summarized as relating to the presence of mold, the individual instances of speech must be examined on their own terms because "the content, form, and context of a given statement" are what controls. *Jerri v. Harran*, 625 F. App'x 574, 580 (3d Cir. 2015). Recently, the Court reiterated the importance of a particularized examination when conducting a First Amendment analysis. *See Fenico v. City of Phila.,* 70 F.4th 151, 162 (3d Cir. 2023) ("The City's arguments not only improperly propose a threshold finding of nominal public concern as to all 250 posts without individualized analysis…").

### 3. The district court made improper findings of fact.

Appellees, like the district court, improperly seek to define Ms. Ingram's job duties, a question of fact, based entirely on her **job title**. The Supreme Court held the following regarding relying on a **job description** for purposes of evaluating citizens speech:

> "Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes."

*Garcetti v. Ceballos*, 547 U.S. 410, 424-25 (2006).  Given that a **job description** is insufficient to establish an employee's job duties, it follows that relying on even less, here a **job title**, will not suffice.  "[T]he true scope of someone's official responsibilities will generally need to be established by evidence revealing the actual policies and practices of a workplace."  *Jerri*, 625 F. App'x at 579.

      Appellees' claim that Ms. Ingram's job duties are not in dispute ignores the text of the Complaint.  Ms. Ingram pleaded that her "official duties did not include testing for mold and reporting on its presence," and "[t]he District Office's landlord was responsible for maintaining the District Office, along with Ms. Zaucha, who oversaw the District Office's operations."  Appx21 at ¶¶39-40.  Those allegations must be accepted as true at the motion to dismiss stage.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  Furthermore, although Ms. Ingram's formal job title was Office Manager, Rep. Davanzo referred to her as his Chief of Staff, which demonstrates that the question of her job duties is not as simple as a job title.  Appx12 at ¶19.  Appellees' reliance on *Morris v. Phila. Hous. Auth.* is misplaced as that is a pre-*Lane* case, and because the plaintiff's admitted job duties covered the speech in question.  487 Fed. Appx. 37, 40 (3d. Cir. 2012).  A similar admission is not present here.

      **4.   The district court failed to apply controlling legal precedent.**

As already discussed in the Brief of Appellant, the district court applied the incorrect "related to" standard, which the Court rejected in *Flora v. Cty. of Luzerne*, 776 F.3d 169, 178-79 (3d Cir. 2015). Appellees cannot overcome the district court's unequivocal application of that standard in the Opinion. *See* Appx11. Appellees' attempts to distinguish *Javitz v. County of Luzerne* are similarly unpersuasive. First, in the Brief of Appellant, Ms. Ingram demonstrated that Rep. Davanzo's own words show that her speech was not made within her chain of command. Second, the question of Ms. Ingram's job duties is a factual question that cannot be resolved on a motion to dismiss. Finally, Ms. Ingram's speech touched on matters of public concern. Appellees' efforts to revise Ms. Ingram's allegation that the District Office has **frequent** visitors, Appx19 at ¶14, to **occasional** visitors, must be disregarded. Ms. Ingram's speech touching on matters of public concern is discussed in greater detail in the next section.

Appellees' argument about Ms. Ingram's use of the word **paid** ignores the Court's clear precedent that job duties are those that an individual is "paid to perform on an ordinary basis." *Javitz v. Cty. Of Luzerne*, 940 F.3d 858, 866 (3d Cir. 2019). However, Ms. Ingram agrees that job duties do not have to be listed in a formal job description for purposes of a First Amendment analysis. That is why relying on job descriptions (or a job title as Appellees do here) at the motion to dismiss stage is unacceptable. *Garcetti*, 547 U.S. at 424-25. Discovery is needed

to flesh out what truly constitutes an employee's job duties, which did not occur here.

*De Ritis* offers no support for Appellees' arguments. In *De Ritis*, the Court reaffirmed that the work an individual is "paid to perform on an ordinary basis" is what controls for analyzing citizen speech. 861 F.3d at 454. Also, the Court in *De Ritis* found citizen speech, which it was able to do with the benefit of discovery in that case. *Id*.

### B. Ms. Ingram spoke on a matter of public concern.

Ms. Ingram's speech regarding the presence of toxic mold in the District Office, a public office space, touched on matters of public concern. "Quite simply, the statements regarding exposure of public employees to hazards such as asbestos can be fairly considered as relating to [a] matter of . . . concern to the community." *Brennan v. Norton*, 350 F.3d 399, 415 (3d Cir. 2003). "Due to health and safety concerns, the presence of mold is a topic of great concern to the community…" *Moffitt v. Tunkhannock Area Sch. Dist.*, 160 F. Supp. 3d 786, 797 (M.D. Pa. 2016). When drawing all reasonable inferences in analyzing a motion to dismiss, it is "reasonable to infer, for example, that public speech about safety or asbestos hazards is a matter of public concern." *Bell v. Ostrow*, 45 F. App'x 152, 154 (3d Cir. 2002).

Despite the allegation that Ms. Ingram's mold-related speech was made to

protect herself, her colleagues, and the public, Appx21 at ¶41, Appellees attempt to reclassify her motives as solely self-interested. As part of that effort, Appellees seek to infuse their own facts for consideration regarding Ms. Ingram's motives, which contradict the allegations contained in the Complaint. Those extraneous facts may not be considered because factual determinations cannot be made in deciding a motion to dismiss. *Flora,* 776 F.3d at 175.

      Additionally, even if private concerns motivated Ms. Ingram's speech, she is still entitled to protection if that speech addressed "a matter that concerns the public as well as the speaker." *Brennan*, 350 F.3d at 412. "[T]he speaker's motive, while often a relevant part of the context of the speech, is not dispositive in determining whether a particular statement relates to a matter of public concern." *Id*. at 413. As demonstrated above, the presence of a toxic substance in a public workplace is a matter of public concern. In *Brennan*, the court held that the presence of asbestos in a fire station was a matter of public concern, even though the fire station was not open to the public. *Id*. at 415. Because the District Office is open to the public, the exposure to toxic mold presents an even greater public concern than that raised in *Brennan*.

      In support of their argument, Appellees erroneously cite *Sanguigni v. Pittsburgh Board of Public Education*, 968 F.2d 393, 399 (3d Cir. 1992), for the proposition that complaints about safety matters are not matters of public concern.

The plaintiff in *Sanguigni* never raised safety concerns. Instead, the plaintiff made statements solely regarding employee morale. *Id.*

Appellees' reliance on *Gaj v. United States Postal Service*, 800 F.2d 64 (3d Cir. 1986) is also misplaced. In *Gaj*, the plaintiff admitted in an affidavit that his "safety complaints were not made to protect the interest of other employees but were made to protect [himself]." *Id.* at 67. Paired with the plaintiff's admission, the court indicated that the evidence in the record showed that the plaintiff's statements did not rise to the level of public concerns. *Id.* Unlike *Gaj*, Ms. Ingram pleaded that her statements were made to benefit the public, Appx21 at ¶41, and there is no developed record in this matter.

### C. The district court improperly declined to exercise supplemental jurisdiction.

Because the district court incorrectly dismissed Ms. Ingram's federal claims, its refusal to exercise supplement jurisdiction was also in error. Regarding abstention, Ms. Ingram's state court action is not parallel to this action due to the difference in parties. "A threshold issue that must be decided in any *Colorado River* abstention case is whether the two actions are parallel." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). "Generally, cases are parallel when they involve the same parties and claims." *Id.* "[W]hen the federal lawsuit plaintiff is a defendant in the state court proceeding, and the federal proceeding includes several defendants

9

who are not party to the state court proceeding, the lawsuits are not parallel." *NCAA v. Corbett*, 25 F. Supp. 3d 557, 571 (M.D. Pa. 2014). Given that Appellees are not parties to Ms. Ingram's state court action, these actions are not parallel.[3]

Second, when the *Colorado River* factors are applied, the absence of exceptional circumstances is clear. The "doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983). The following is the application of the six factors, as enumerated in *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999), used in evaluating whether abstention is warranted:

1. <u>Which court first assumed jurisdiction over property</u>. The first factor only applies to in rem cases, so it has no bearing on this case. *See Harris v. Vitran Express, Inc.*, No. 14-0704, 2014 U.S. Dist. LEXIS 158131, at *9 (W.D. Pa. Oct. 15, 2014), report and recommendation adopted, 2014 U.S. Dist. LEXIS 156785 (W.D. Pa., Nov. 6, 2014).

---

[3] The caption for Ms. Ingram's state court action is *Ingram v. Pennsylvania House Republican Caucus*, 546 MD 2022.

2. <u>The inconvenience of the federal forum</u>.  The courthouses in both the state and federal actions are in downtown Pittsburgh.  As a result, this is a non-factor for the analysis.  *See Id*.

3. <u>The desirability of avoiding piecemeal litigation</u>.  This is "by far" the most important factor.  *Moses*, 460 U.S. at 16.  In order for this factor to be met, "there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review."  *Ryan,* 115 F.3d at 198 (emphasis in original).  "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts."  *Id*.  Appellees in this case "are unable to point to *any* congressional policy, let alone a *strongly articulated* one, evincing Congress' desire to avoid piecemeal litigation" of whistleblower claims.  *Harris*, 2014 U.S. Dist. LEXIS 158131, at *10 (emphasis in original).  As a result, this factor does not support abstention.

4. <u>The order in which jurisdiction was obtained</u>.  Ms. Ingram filed her state action prior to this action.  "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms

11

of how much progress has been made in the two actions." *Moses*, 460 U.S. at 21. Neither case has progressed past the pleadings stage, as Appellees filed a Preliminary Objection in the state court action. As result, this factor does not support abstention. *See Harris*, 2014 U.S. Dist. LEXIS 158131, at *11 (holding that this was a non-issue when the state case had not substantially progressed as compared to the federal case).

5. <u>Whether federal or state law controls</u>. "[A]bstention cannot be justified merely because a case arises entirely under state law." *Ryan*, 115 F. 3d at 199. In this case, there are federal claims and state law claims. The mere presence of state law claims does not add support to an abstention argument. *See Harris*, 2014 U.S. Dist. LEXIS 158131, at *12 (finding this factor to be a draw due to the presence of state and federal claims).

6. <u>Whether the state court will adequately protect the interests of the parties</u>. "[T]his factor is normally relevant only when the state forum is *in*adequate." *Ryan*, 115 F. 3d at 200 (emphasis in original). "When the state court is adequate, however, the factor carries little weight." *Id*. Ms. Ingram is not arguing that the Commonwealth Court is inadequate, and Appellees do not appear

to be as well, as a result this factor is a draw. *See Harris*, 2014 U.S. Dist. LEXIS 158131, at *12 (finding this factor to be a draw due to the adequate state forum).

When the six factors are properly applied to this case, there is no question that abstention is unwarranted under *Colorado River*.

### D. Eleventh Amendment immunity does not protect government officials sued in their *individual* capacities.

Appellees, sued in their individual capacities, are not entitled to Eleventh Amendment immunity. *See Lewis v. Clarke*, 581 U.S. 155, 163 (2017) ("[S]overeign immunity does not erect a barrier against suits to impose individual and personal liability."); *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir. 1981) ("The [E]leventh [A]mendment does not bar an action for damages against an official sued in his individual capacity."). The Eleventh Amendment analysis does not change when claims against state officials are raised under state law, including the Whistleblower Law. *See Lach v. Robb*, 679 F. Supp. 508, 515 (W.D. Pa. 1988) ("[T]he [E]leventh [A]mendment does not bar pendent state law claims seeking damages against a state official acting in his individual capacity."); *Ali v. McClinton*, No. 16-6373, 2017 WL 2588425, at *8-*9 (E.D. Pa. June 14, 2017) (holding that claims under the Whistleblower Law against state officials in their individual capacities were not barred by the Eleventh Amendment); *Ward v. Pennsylvania*, No. 14-00017, 2014 WL 4682067, at *18 (E.D. Pa. Sep. 22, 2014)

13

(collecting cases).

In a footnote, Appellees argue, without any legal support, that the individual capacity distinction is not relevant to an Eleventh Amendment analysis when state law claims are at issue. As demonstrated above, that argument must fail. Ms. Ingram does not challenge Appellees' general argument that Pennsylvania has not agreed to waive its Eleventh Amendment immunity under the Whistleblower Law. However, that argument does not impact Ms. Ingram's suit against Appellees in their individual capacities. Additionally, *Arrington v. Commonwealth House of Representatives*, cited by Appellees, recognized the important distinction between individual and official capacity for purposes of Eleventh Amendment immunity. No. 10-CV-2248, 2010 WL 4681063, at *4 (M.D. Pa. Nov. 10, 2010).

In conclusion, the Eleventh Amendment does not bar pendant state law claims against state officials in their individual capacities.

## II. CONCLUSION

For all the reasons described above, this Court should reverse the Order of the district court and remand the case for further proceedings consistent therewith.

Respectfully submitted,

/s/ *Nicholas W. Kennedy*
Nicholas W. Kennedy, Esquire
Pa. I.D. No. 317386

Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601
Phone: (724) 837-0080
Fax: (724) 837-1348
nwk@qrlegal.com

*Attorney for Appellant*

# **CERTIFICATE OF COUNSEL**

I, Nicholas W. Kennedy, Esquire, hereby certify as follows:

1. I am a member of the bar of this Court.

2. The text of the electronic version of this brief is identical to the text of the paper copies.

3. A virus detection program was run on the file, and no virus was detected. The virus software used was Webroot Endpoint Protection.

4. The brief contains 3,246 words within the meaning of Federal Rule of Appellate Procedure 32(a)(7)(B). In making this certificate, we have relied on the "word count" feature of the word-processing system (Microsoft Word, Version 2307) used to prepare the brief.

5. In addition to the electronic filing of this brief, 7 paper copies of this brief have been mailed to the Clerk of the Court. Participants in the case are registered CM/ECF users and service will also be accomplished by the appellate CM/ECF system. A electronic copy of this brief has also been delivered to the following parties by electronic mail at the contact information below:

| | |
|---|---|
| M. Abbegael Giunta, Esquire | Adam L. Santucci, Esquire |
| McKnees Wallace & Nurick LLC | McKnees Wallace & Nurick LLC |
| 100 Pine Street | 100 Pine Street |
| Harrisburg, PA 17101 | Harrisburg, PA 17101 |
| agiunta@mcneeslaw.com | asantucci@mcneeslaw.com |
| *Attorney for Appellees* | *Attorney for Appellees* |

Dated: August 29, 2023                    /s/ *Nicholas W. Kennedy*
                                          Nicholas W. Kennedy, Esquire
                                          Pa. I.D. No. 317386